IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOE WINFREY McLEMORE**                                                                  **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO. 1:16cv20-LG-RHW**

**MARSHALL L. FISHER,** *et al.*                                            **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is [25] Defendants' April 12, 2016 motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies, along with [29] Plaintiff's response to the motion filed April 20, 2016, and his motion for sanctions [30] alleging Defendants and affiants Pennington and Cooley acted in bad faith in filing and prosecuting the motion for summary judgment.

## Facts and Procedural History

Joe Winfrey McLemore, inmate # 72051, is currently incarcerated at Wilkinson County Correctional Facility (WCCF) serving two sentences totaling forty-five years for convictions of armed robbery and aggravated assault from Newton County, Mississippi.  The Mississippi Department of Corrections (MDOC) web site shows McLemore entered the MDOC system September 19, 1996, and his tentative release date is December 26, 2036.  The events giving rise to this litigation and the filing of the complaint occurred in 2015 while McLemore was confined at South Mississippi Correctional Institution (SMCI).  McLemore signed his complaint on January 12, 2016, and it was filed by the clerk on January 22, 2016.  [1]

McLemore alleges violation of his constitutional rights due to a May 22, 2015 incident in which Captain Roderick Evans used excessive force on him and denied him access to medical

care, and other defendants failed to protect him from Evans[1] or threatened retaliation against him after the incident.[2] Specifically, McLemore alleges Evans assaulted him at around 6:30 p.m. on the porch of the rear administration building of Area II, within sight of many of the inmates being held in that area, as well as other corrections officers who did nothing to stop the assault. He claims Evans grabbed him by his right arm and dragged him onto the concrete sidewalk and to a steel bench, kicking and beating him, then choking him into unconsciousness. When he regained consciousness Evans ordered him to return to housing unit C-2, but as he tried to comply, McLemore again lost consciousness and Evans called for an inmate with a laundry cart to help get him back to the housing unit. Evans allegedly told prisoners in the area that, "I just f***ed this white bitch, do not let him off the zone, do what you want to him." [1, p. 9] McLemore alleges he had to have another inmate put a sick call request in the box for him, and he did not receive medical attention until Monday, May 25, 2015. McLemore also claims his personal property was lost due to officials' failing to secure it while he was getting medical attention.

McLemore asserts he sent a sensitive issue grievance to the MDOC Administrative Remedy Program (ARP) on June 9, 2015, but never received an answer. [1-1], [15] He attached to his complaint a page from his offender log (legal) which contains an entry stating, "SEN ARP MAILED 6/9/15." [1-1] Relying on affidavits from Richard Pennington MDOC ARP director,

---

[1]For example, McLemore claims MDOC Commissioner Marshall Fisher, SMCI superintendent Jacqueline Banks, SMCI Warden Marshal Turner and MDOC Criminal Investigation Division were aware that Evans was assaulting inmates at SMCI and failed to remedy the situation, thereby making it possible for Evans to assault McLemore. [1, pp. 7-8]

[2]During the assault, Lt. Jones is alleged to have screamed at Evans; on May 25, 2015 Capt. Johnson, Capt. Mark Davis and Warden Turner allegedly made threatening statements to McLemore; Capt. Ross and Capt. Sheneice Evans (Roderick Evans' wife) made McLemore give a statement about the assault, and Ross slapped him and Evans kicked him as he left Ross's office; Hubert Davis, Lt. Coleman, Capt. Spott and Capt. Lockhart told him he should drop his complaint against Evans, and CID failed to respond to his reports regarding these matters. [15]

and from Joseph Cooley, custodian of ARP records at SMCI, Defendants contend McLemore did not exhaust his administrative remedies before filing suit.  Pennington's affidavit states his office has no record of a sensitive issue ARP being filed by McLemore regarding his being assaulted by a guard and thereafter being denied medical treatment or retaliated against; that if such a request were filed, it was not accepted as a sensitive issue matter; and that McLemore was allowed additional time to re-file his ARP on the issue out-of-time, but never did so.  [25-1]  Cooley's affidavit states McLemore submitted no ARP grievance through the ARP at SMCI regarding an assault by Evans, denial of medical treatment or retaliation.  On October 2, 2015, Cooley became aware that McLemore was asserting he had filed a sensitive issue ARP in June 2015 to which he had received no response.  Cooley wrote to McLemore on October 16, 2015, advising him he could file a new ARP with Cooley's office on the issue.  McLemore did not do so.  Cooley followed up with a second letter to McLemore on October 28, 2015, repeating the request that McLemore file an ARP with Cooley's office, again to no avail.  [25-2]  The two letters referenced in the Cooley affidavit are attached as exhibits to McLemore's complaint [1-5], [1-4], along with a November 23, 2015 letter to Cooley from McLemore [1-3] stating he filed a sensitive issue ARP about his assault by Evans and everything was contained in the June 9, 2015 sensitive ARP.  Cooley responded on  November 25, 2015 [1-2], referencing and attaching copies of both his prior letters, and concluding:

> Since you filed it 'sensitive issue' it did not go through the ARP office here.  If you want me to look into (*sic*) I will need something from you.  However, if I do not receive anything soon there will be too much time passed and we will not be able to process it.

McLemore did nothing further with respect to the ARP.  Despite learning that his sensitive issue ARP could not be located, McLemore ignored Cooley's letters requesting that he send the

information so the ARP could be re-submitted if he wanted to pursue the matter.[3]  In response to the summary judgment motion, McLemore argues only that he filed a sensitive issue ARP in June 2015 and received no response to it.

## Law and Analysis

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983.  *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) ("proper exhaustion of administrative remedies is necessary").  The Fifth Circuit takes "a strict approach" to the exhaustion requirement.  *See Johnson v. Ford*, 261 Fed.Appx. 752, 755  (5th Cir. 2008).  Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003), quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

As authorized by statute,[4] the MDOC has established an Administrative Remedy Program (ARP) to address inmates' complaints regarding their incarceration.  *Howard v. Epps*, 2013 WL

---

[3]McLemore has admitted he refused to send Cooley the sensitive issue ARP. [30, ¶ 5]

[4]Miss. Code Ann. 47-5-801.

2367880, at *2 (S.D. Miss. May 29, 2013).  The ARP has two steps: first, within 30 days of the incident of which he complains, an inmate must submit his written grievance to the prison legal claims adjudicator, who screens the grievance and determines whether to accept it into the ARP process.  If accepted, the grievance is forwarded to the appropriate official who issues a First Step Response to the inmate's complaint.  If the inmate is dissatisfied with the response, he may continue to the second step by completing the appropriate ARP form and sending it to the legal claims adjudicator.  The Superintendent or Warden issues the Second Step Response, which is the final ruling at the prison.  If the inmate is dissatisfied with the Second Step Response, he may file suit in federal court.  *Id*.  A sensitive issue ARP is filed directly to the Deputy Commissioner, who accepts and responds to the complaint if he believes it to be a sensitive complaint; or returns the complaint to the filing inmate, advising the inmate in writing if the Deputy Commissioner does not agree the complaint is sensitive.  If the matter is not accepted as a sensitive complaint, the inmate is allowed five days from receipt of the rejection memo to submit his request through regular channels, beginning with the first step.  *MDOC Inmate Handbook*, Chapter VIII, Administrative Remedy Program, ¶ X. Sensitive Issues.  [30-1, p. 2]

      McLemore's submission of a sensitive ARP was, at best, step one, and it is undisputed that he received no response.  If there is no timely response to an ARP grievance, the submitting inmate is entitled to move on to the next step in the process, not to proceed directly to federal court.  *MDOC Inmate Handbook*, Chapter VIII, Administrative Remedy Program, ¶ IX. Deadline and Time Limits.[5]  McLemore has presented nothing to indicate he completed the ARP process through the second step.  Merely initiating the grievance process or putting prison officials on

---

[5] This section immediately precedes the section McLemore quotes on the first page of his response to Defendants' motion [29], and appears in Exhibit 1 to his request for sanctions.  [30-1, p. 2]

notice of a complaint is insufficient to meet the exhaustion requirement – the grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358.

### RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants' motion for summary judgment be granted, and that this case be dismissed for Plaintiff's failure to exhaust administrative remedies. This will render moot Plaintiff's request for sanctions against Defendants for filing and prosecuting the motion.

### NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the Report and Recommendation. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. An opposing party has seven days after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 29th day of June, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE